HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
REED GRANTHAM, CA Bar #294171
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
CHAZ BANKS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00214-LJO-SKO |
| Plaintiff, | **STIPULATION TO CONTINUE TRIAL; ORDER** |
| vs. | Date: January 8, 2019 |
| CHAZ BANKS, | Time: 8:30 a.m. |
| Defendant. | Judge: Hon. Lawrence J. O'Neill |

**IT IS HEREBY STIPULATED**, by and between the parties through their respective counsel, Assistant United States Attorney Jeffrey Spivak, counsel for plaintiff, and Assistant Federal Defender Reed Grantham, counsel for Chaz Banks, that the trial currently scheduled for September 25, 2018, at 8:30 a.m. may be moved to January 8, 2019, at 8:30 a.m. There is good cause to continue the trial date as set forth below.

1.    The Indictment charges Mr. Banks with being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(g)(9). The Indictment alleges that Mr. Banks, having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a Glock 9-millimeter caliber handgun, that had previously been transported in interstate and foreign commerce.

2.    Specifically, the government alleges that Mr. Banks possessed a Glock 9-millimeter caliber handgun on July 26, 2017. The reports provided through discovery indicate the following:

i. Shortly after midnight on July 26, 2017, a Modesto Police Department officer was parked on the 600 block of Sierra Drive in Modesto. He was waiting for backup before responding to a dispatch call regarding a verbal altercation involving several Hispanic males that was reported to have been occurring around the corner, near 115 Fresno Avenue in Modesto.

ii. He saw three young, black men walking northbound on Fresno Avenue and observed the three men turn onto Sierra Drive and begin walking westbound toward him.

iii. The officer shined a light on the three men.

iv. The officer claims to have seen "a black handgun" in Mr. Banks' right hand.

v. After shining the light on the three men, two of the individuals, Brandon Daniels and Mr. Banks, left the scene and ran southbound down Fresno Avenue. A third individual remained in place and was detained.

vi. Several minutes later, Mr. Daniels was located, detained, and arrested.

vii. A Glock 9-millimeter caliber handgun was found near the porch of the residence located at 104 Fresno Avenue, in proximity to where both Mr. Daniels and Mr. Banks ran.

viii. Mr. Banks was located and arrested approximately twenty minutes later.

ix. The Glock 9-millimeter caliber handgun was booked into evidence. The firearm was processed for fingerprints but none were located. It was also swabbed for DNA, but the swabs were not analyzed.

3. Mr. Banks has requested that the DNA swabs taken from the recovered firearm be analyzed prior to trial. Mr. Banks has agreed to provide his DNA for that purpose. The government has agreed, if Mr. Banks provides his DNA sample, to submit the samples to the California Department of Justice laboratory for analysis. According to the lab, they estimate that results would be available within two months from the date the swabs are received. The parties anticipate receiving results by the end of October 2018.

4. Mr. Banks believes, and the government does not dispute, that the results of the

1    DNA analysis could have a material bearing on a trial in this matter, and for this reason the

2    government agrees with Mr. Banks that there is good cause to continue the trial date until after the

3    results of the DNA analysis have been provided.

4         5.    Both parties agree that this request is made with the intention of conserving time

5    and resources for both the parties and the Court. The parties further agree that the delay resulting

6    from the continuance shall be excluded in the interests of justice, including but not limited to, the

7    need for the period of time set forth herein for effective defense preparation, defense investigation,

8    and plea negotiation purposes pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and

9    (iv).

10                                    Respectfully submitted,

11

12                                    McGREGOR W. SCOTT
                                      United States Attorney
13

14   Date: August 9, 2018             */s/ Jeffrey Spivak*
                                      Jeffrey Spivak
15                                    Assistant United States Attorney
                                      Attorney for Plaintiff
16

17                                    HEATHER E. WILLIAMS
                                      Federal Defender
18

19   Date: August 9, 2018             */s/ Reed Grantham*
                                      REED GRANTHAM
20                                    Assistant Federal Defender
                                      Attorney for Defendant
21                                    CHAZ BANKS

22

23

24

25

26

27

28

**O R D E R**

For the reasons set forth above, there exists good cause to continue the trial currently scheduled for September 25, 2018, at 8:30 a.m. to January 8, 2019, at 8:30 a.m. Pursuant to the agreement of the parties, time is excluded for defense preparation, defense investigation, and plea negotiation purposes. The Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **August 9, 2018**                    **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES CHIEF DISTRICT JUDGE